# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

FILED
RICH
P 4: 58

---

### UNITED STATES OF AMERICA,

### V.

# CR 11 0155

**SI**

## MAURICE MICHAEL MCCANT

E-filing

### DEFENDANT(S).

---

# INDICTMENT

VIOLATIONS: Title 18, United States Code, Section 1343
(Wire Fraud)

---

A true bill.

_____
Foreman

Filed in open court this ___17th___ day of
___March 2011___.

_____
KAREN L. HOM
Clerk

JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

Bail, $ _No bail arrest ward_

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☐ SUPERSEDING

―――― **OFFENSE CHARGED** ――――

VIOLATIONS: Title 18, United States Code Section 1343
(Wire Fraud)

E-filing

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:
20 years Imprisonment (each count); $250,000 Fine or 2x the gain
or loss, whichever is greater, $100 Special Assessment; 3 Years
Supervised Release.

――――― **PROCEEDING** ―――――

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION, Agent Lantz Nixon

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY ☐ DEFENSE

**SHOW
DOCKET NO.** }

☐ this prosecution relates to a
pending case involving this same
defendant

**MAGISTRATE
CASE NO.**

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under }

Name and Office of Person
Furnishing Information on this form ＿＿＿ MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned) ＿＿＿ ROBIN HARRIS

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DEFENDANT U.S.

▶ MAURICE MICHAEL MCCANT

DISTRICT COURT NUMBER

CR 11 0155

――――――― **DEFENDANT** ―――――――

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
      summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
      If answer to (6) is "Yes", show name of institution

} ☐ Federal ☐ State

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No  } give date
                      filed

**DATE OF
ARREST** ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

―――――― **ADDITIONAL INFORMATION OR COMMENTS** ――――――

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount:

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: ＿＿＿＿＿    Before Judge: ＿＿＿＿＿



1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11                                    $CR \quad 11 \quad 0155$

12  UNITED STATES OF AMERICA,          )    No. CR

13       Plaintiff,                    )    VIOLATIONS: Title 18, United States
                                       )    Code, Section 1343 (Wire Fraud)
14  v.                                 )

15  MAURICE MICHAEL MCCANT,            )    SAN FRANCISCO VENUE
                                       )
16       Defendant.                    )
                                       )
17  _____   )

18                                          E-filing

19                            INDICTMENT

20       The Grand Jury charges:

21                              Background

22       1. Defendant, MAURICE MICHAEL MCCANT ("MCCANT"), is an individual who,

23  during various periods relevant to this Indictment, resided and conducted business in the

24  Northern District of California.

25       2. MCCANT represented himself to be the President and Chief Executive Officer of

26  Billionaire Catt Entertainment ("BCE").

27       3. MCCANT solicited investors for BCE by offering them a 30% return on any money

28  they invested with BCE. MCCANT told investors that their money would be used to promote

   INDICTMENT

1  rap concerts and that MCCANT would pay investors a portion of the profits received from ticket
2  sales for the concerts.

3  ## The Scheme to Defraud

4  4. Beginning in or about 2007 and continuing until at least July 2009, defendant
5  MCCANT defrauded victim investors by telling them that he would invest their money in
6  promoting rap concerts when, in fact, virtually no investor money was used by BCE for concert
7  promotional expenses. Instead, MCCANT used over $1 million of investors' money to pay
8  expected "returns" to other investors and to pay for personal expenses. MCCANT accomplished
9  this fraud by committing or causing to be committed the following acts, among others:

10  (a) On or about September 5, 2007, after meeting with BCE's Executive Vice President,
11  "RB," victim "BT" loaned $16,000 to RB with the understanding that RB would invest the
12  $16,000 with MCCANT. Approximately three weeks later, MCCANT repaid BT the original
13  $16,000 plus an additional $4,000 as a return on BT's investment;

14  (b) Sometime after September 5, 2007, but before October 16, 2007, MCCANT
15  personally met with BT at the Palace Hotel in San Francisco and told BT that if she invested with
16  MCCANT, BT would receive a return of 30% on her investment within three to four months;

17  (c) On or about October 16, 2007, BT and MCCANT signed a promissory note pursuant
18  to which BT invested $50,000 with MCCANT and MCCANT promised to pay BT a return of
19  $16,000 within 6 to 8 weeks of this investment. On or about December 17, 2007, MCCANT met
20  with BT at the Palace Hotel in San Francisco and MCCANT gave BT $16,000 in cash as a return
21  on BT's investment. BT left her original $50,000 investment with MCCANT based upon
22  MCCANT's representation that her money would continue to be invested with MCCANT's rap
23  concert promotion business and would earn BT an additional $16,000 by March 2008.

24  (d) Sometime prior to November 15, 2007, MCCANT told BT that if she invested the
25  money that BT had in her IRA accounts with MCCANT, she could prevent further market losses
26  on her IRAs. MCCANT promised that he would pay BT a 30% return on her money if she
27  liquidated her IRA accounts and invested that money with MCCANT. MCCANT also promised
28  to pay all taxes that would be associated with the liquidation of BT's IRA accounts.

INDICTMENT                                                     2

1      (e) Pursuant to MCCANT's representations as set forth in paragraph 4(d), on or about

2  November 15, 2007, BT sent three separate letters by facsimile from BT's home in California to

3  AXA Equitable Accumulator (AXA) in Seacaucus, New Jersey, requesting surrender of the

4  entire balance of three separate IRA accounts BT maintained with AXA, as alleged in Counts

5  One through Three below;

6      (f) On or about November 20, 2007, BT sent a letter by facsimile from BT's home in

7  California to AXA in Syracuse, New York, clarifying that AXA should not withhold any state or

8  federal taxes for the liquidation of BT's IRA account;

9      (g) On or about November 28, 2007, BT invested an additional $835,000 with MCCANT.

10  This investment consisted of funds from BT's three IRA accounts that BT had liquidated in order

11  to make the investment with MCCANT. On or about December 10, 2007, BT invested an

12  additional $120,000 with MCCANT;

13      (h) On or about December 10, 2007, MCCANT and BT entered into a written contract

14  whereby MCCANT acknowledged BT's November 28, 2007, investment of $835,000 and BT's

15  December 10, 2007, investment of $120,000. The contract further acknowledged that the rate of

16  return on both investments would be no less than 30% annually. MCCANT's contract with BT

17  further obligated MCCANT to (1) pay all federal and state tax obligations resulting from BT's

18  liquidation of her IRA accounts and, (2) pay BT $7,500 per month for the duration of the

19  contract, which had a minimum two-year term;

20      (i) Sometime prior to October 16, 2007, victim "VC" met with MCCANT at the Palace

21  Hotel in San Francisco. MCCANT told VC that he was in the business of investing in rap

22  concerts and that he was looking for investors to front money to promote and finance these rap

23  concerts. MCCANT informed VC that, if she invested money with MCCANT for MCCANT's

24  rap concert promotion business, MCCANT would give VC a portion of the profits received.

25  MCCANT also promised VC a 30% return on her investment. On or about October 16, 2007,

26  VC invested $50,000 with MCCANT;

27      (j) In April 2008, VC invested an additional $50,000 with MCCANT, who promised her a

28  30% return on this investment;

INDICTMENT           3

1    (k) Sometime prior to May 2, 2008, MCCANT told VC that if she invested the money
2 that she had in her IRA account with MCCANT, VC could prevent further market losses on her
3 IRA. MCCANT promised that he would pay VC a 30% return on her money if she liquidated
4 her IRA account and invested that money with MCCANT. MCCANT also promised to pay all
5 taxes that would be associated with the liquidation of VC's IRA account.

6    (l) Pursuant to MCCANT's representations as set forth in paragraph 4(k), on or about
7 May 2, 2008, VC directed her broker at A.G. Edwards in California to send by facsimile to
8 Jackson Life Insurance Company in Lansing, Michigan, a request for liquidation of VC's IRA
9 proceeds, as alleged in Count Four below. Prior to requesting liquidation of her IRA proceeds,
10 VC informed MCCANT that she was taking a $3,500 monthly draw on her IRA. On or about
11 May 29, 2008, VC invested another $575,000 with MCCANT, consisting of funds VC had
12 liquidated from her IRA in order to make the investment with MCCANT; and,

13    (m) On June 27, 2008, MCCANT and VC entered into a written contract in which
14 MCCANT acknowledged VC's May 29, 2008, investment of $575,000 and further
15 acknowledged that the rate of return on this investment would be no less than 30% annually.
16 MCCANT's contract with VC further obligated MCCANT to (1) pay all federal and state tax
17 obligations resulting from VC's liquidation of her IRA accounts and, (2) pay VC $3,500 per
18 month for the duration of the contract, which had a minimum two-year term.

19    5. MCCANT did not invest the victims' monies for the promotion of rap concerts.
20 Instead, MCCANT used the victims' monies for MCCANT's own personal use, including the
21 purchase of jewelry, the payment of mortgages on property, and the funding of other investors'
22 expected return on their investments with MCCANT.

23    6. Sometime after July 2009, MCCANT falsely told victim investors who requested
24 return of their money that he would pay them their original investment plus a 30% return on that
25 investment once he received a $20 million legal settlement that he claimed BCE was owed as a
26 result of "legal action" taken by MCCANT.

27

28

INDICTMENT                                4

1 | **COUNTS ONE THROUGH FOUR** : (18 U.S.C. § 1343 – Wire Fraud)

2 | 7. Paragraphs 1 through 6 are realleged and incorporated here by reference.

3 | 8. From on or about and between September 2007 and July 2009, in the Northern District

4 | of California, and elsewhere, the defendant,

5 | MAURICE MICHAEL MCCANT,

6 | did knowingly devise and intend to devise a material scheme and artifice to defraud and to obtain

7 | money and property by means of materially false and fraudulent pretenses, representations,

8 | promises, and omissions of material facts, and for the purpose of executing his scheme and

9 | artifice to defraud, did transmit and cause to be transmitted by means of wire communication in

10 | interstate commerce, certain writings, signs, signals, pictures, and sounds, namely, the wire

11 | communications described below:

| COUNT | DATE | WIRE |
|-------|------|------|
| 1 | November 15, 2007 | Transmission by facsimile of a letter from California to AXA Equitable Accumulator in New Jersey requesting surrender of IRA Account # 304-705-961 |
| 2 | November 15, 2007 | Transmission by facsimile of a letter from California to AXA Equitable Accumulator in New Jersey requesting surrender of IRA Account # 303-745-616 |
| 3 | November 15, 2007 | Transmission by facsimile of a letter from California to AXA Equitable Accumulator in New Jersey requesting surrender of IRA Account # 94-929-721 |
| 4 | May 2, 2008 | Transmission by facsimile of a request from California to Jackson Life Insurance in Lansing, Michigan requesting surrender of IRA Account #s 009272695A and 009272896A |

All in violation of Title 18, United States Code, Section 1343.

**FORFEITURE ALLEGATION**: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

9. The allegations of Counts One through Four of this Indictment are realleged and fully

incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).

10. Upon a conviction of any offense alleged in Counts One through Four, the defendant,

MAURICE MICHAEL MCCANT

shall forfeit to the United States all property constituting and derived from proceeds traceable to

INDICTMENT                                     5

1 said offense, including but not limited to a sum of money equal to $1,399,750 representing the

2 amount of proceeds obtained as a result of the offense.

3      11. If any of said property, as a result of any act or omission of the defendant:

4          (a)     cannot be located upon the exercise of due diligence;

5          (b)     has been transferred or sold to or deposited with, a third person;

6          (c)     has been placed beyond the jurisdiction of the Court;

7          (d)     has been substantially diminished in value; or

8          (e)     has been commingled with other property which cannot be subdivided without

9 difficulty; any and all interest defendant has in other property shall be vested in the United States

10 and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as

11 incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules

12 of Criminal Procedure.

13

14
    DATED:                                                      A TRUE BILL
15
    *March 17, 2011*
16
                                                                FOREPERSON
17 MELINDA HAAG
   United States Attorney
18

19
   MIRANDA KANE
20 Chief, Criminal Division

21

22 Approved as to form: _____
                          AUSA Robin Harris
23

24

25

26

27

28

   INDICTMENT                                  6