1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  ROBIN L. HARRIS  (CABN 123364)
   Assistant United States Attorney
5
      450 Golden Gate Ave., Box 36055
6     San Francisco, California 94102
      Telephone:  (415) 436-7200
7     Fax: (415) 436-7234
      E-Mail: robin.harris2@usdoj.gov
8
   Attorneys for Plaintiff
9

10               UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,        )   No. CR 11-0155 SI
                                     )
15         Plaintiff,                )   GOVERNMENT'S SENTENCING
                                     )   MEMORANDUM
16    v.                             )
                                     )   DATE:   August 3, 2012
17  MAURICE MICHAEL MCCANT,          )   TIME:   11:00 a.m.
                                     )
18         Defendant.                )   Honorable Susan Illston
    _____    )
19

20         The plea agreement reached by the parties resulted from a lengthy settlement conference

21  conducted by Magistrate Judge Spero.  Judge Spero worked tirelessly with the parties both

22  separately and together.  During the settlement conference, Judge Spero focused both parties on

23  the respective strengths and weaknesses of their case.  The plea agreement that was submitted to

24  this Court reflects the parties' and Judge Spero's collective consensus as to a fair and just

25  resolution of this case.   Accordingly, the government respectfully requests that the Court accept

26  the Plea Agreement proposed under F.R.Cr.P. Rule 11(c)(1)(C) and sentence defendant to 36

27  months in prison, 3 years of supervised release, no fine, restitution in an amount to be determined

28  by the Court, and the mandatory special assessment of $400.

GOVT. SENT. MEM.;
CR 11-0155 SI

## I.   The Offense Conduct

As detailed in the thorough Presentence Investigation Report (PSR), for more than two years defendant operated a Ponzi scheme.  He solicited more than 10 investors through two primary methods: (1) by promising them a return of 30% if they invested in his business which ostensibly promoted rap music concerts; and (2) by promising at least two of the victims (Bernice Tingle and Velma Chavez) that he would pay all state and federal taxes associated with the liquidation of their IRA funds, if the victims were to liquidate their IRAs and invest that money with defendant.

In fact, defendant did not put use his investors' money for the promotion of rap concerts. Instead, defendant spent the victims' money on personal expenses, used it to pay back other investors, or to pay mortgages for real estate owned by others.  All the while, however, he consistently wined and dined his victims and lulled them into making further investments by making some payments to early investors.  Through these methods, defendant fleeced more than 10 victims out of at least $2.5 million, returning more than $400,000 along the way as "returns on the investment," thus causing losses of more than $2 million.

As is typical in Ponzi scheme cases, when victims began asking for their funds to be returned, defendant stalled and came up with excuses.  What is not so typical, however, is the dire financial hardship that resulted for the innocent victims of defendant's fraudulent schemes. Many examples of the hardships suffered by the victims are set forth in the multiple Victim Impact Statements the Court has received.  Many victims have indicated that they wish to personally address the Court at the sentencing hearing to convey the long-term damage they have suffered as a result of having been swindled by the defendant

## II.   The Plea Agreement

On March 30, 2012, defendant plead guilty to all counts of the indictment which charged him with wire fraud.   In the Plea Agreement, the parties agreed the Base Offense Level is 7, a 16-level increase applies because defendant caused losses of more than $1 million but less than $2.5 million, a 2-level increase applies because there were more than 10, but less than 50 victims of defendant's fraud, and a 3-level decrease applies due to defendant's acceptance of

responsibility.  This results in a Total Offense Level of 22 and defendant's Criminal History Category is II.  Thus, the applicable Sentencing Guidelines range of imprisonment is 46—57 months.  The Probation Office agrees with these calculations.

In the Plea Agreement, which is proposed under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties propose an agreed-upon sentence of imprisonment of 36 months, which is a 10 month variance from the low end of the applicable guideline range for an offense level 22 and a criminal history category II.

## III.   A Sentence of 36 Months In Prison is Fair and Reasonable

A 10 month variance from the low end of the Guideline range resulting in a 36 month sentence of imprisonment is appropriate in this case.  Defendant perpetrated a significant fraudulent scheme over several years which devastated his victims.  As is the case in all fraud schemes, the victims have suffered—and will continue to suffer—far more than merely financially.  In addition to lost retirement savings, the victims have expressed their inability to trust their own judgment or to trust others, the need to seek counseling and therapy, the embarrassment of revealing their losses to family members, a sense of anguish that should be felt only by the defendant, not by any victim.  The consequences of defendant's long-running pattern of deceit will last far longer than the 3 year prison term proposed by the parties.

In mitigation, the defendant has accepted  responsibility for his crimes by pleading guilty to all counts in the indictment.  The defendant did not litigate the validity of the state court search warrant or any other aspect of the government's case and plead guilty early enough to save the government and the Court significant resources.  Under these circumstances and because of the risks both sides faced if this case had proceeded to trial, the government respectfully urges the Court to accept the plea agreement facilitated by Judge Spero during the settlement conference.

## IV.   Restitution

The parties have not agreed on the amount of restitution.  The parties have agreed to have this Court determine the amount of restitution after submissions to the Court by both parties. The government respectfully requests the Court to set a date 45 days from sentencing for the parties to file pleadings in support of the amount of restitution that should be imposed.  The

1  Court has up to 90 days after sentencing to make a final determination of restitution.  *See* 18

2  U.S.C. § 3663(d)(5).

3  **V.**      **Conclusion**

4          For these reasons and those set forth in the thorough PSR, the government respectfully

5  requests the Court to accept the proposed Plea Agreement and to sentence defendant to 36

6  months in prison, 3 years of supervised release, no fine, restitution in an amount to be determined

7  by the Court, and the mandatory special assessment of $400.

8  DATED:      July 27, 2012

9                                                                  Respectfully submitted,

10                                                                 MELINDA HAAG
                                                                   United States Attorney

11

12                                                                 _____/s/_____
                                                                   ROBIN L. HARRIS
13                                                                 Assistant United States Attorney

GOVT. SENT. MEM.;
CR 11-0155 SI                              4